CLARK, Justice.
U respectfully dissent from the sanction imposed.
While I applaud the respondent’s successful rehabilitation from his substance dependency, I agree with the Hearing Committee’s recommendation for discipline in this matter. The Hearing Committee, which heard the evidence and reviewed all the exhibits, recommended that the baseline sanction of suspension should be imposed. Taking into account the cause of the attorney’s misconduct, the Hearing Committee recommended all but a small portion of that suspension should be deferred. However, the Hearing Committee found the respondent should serve a short term of suspension. I agree.
As found by the majority, it is abundantly clear the respondent’s alcohol-related criminal conviction and failure to appear for court, as well as his neglect of a client matter, is directly related to his former substance dependence. Respondent has stipulated his conduct was both knowing and intentional, and caused both actual and potential harm. The record additionally shows the respondent was twice warned that his conduct would not be tolerated.
Even the cases cited by the majority in support of greater leniency in sanctions where there has been a causal connection between substance abuse and attorney misconduct have required the attorneys to serve some term of suspension. See In re: Williams, 2010-1972 (La.1/7/11); 52 So.3d 864 (suspension of three years with eighteen months deferred); In re: Steinhardt, 2004-0011 (La.9/9/04); 888 So.2d 404 (three year suspension with two years deferred); and In re: Doyle, 2007-2015 (La.4/4/08); 978 So.2d 904 (downward deviation from baseline of |2disbarment to three years suspension).
Considering both the respondent’s conduct and his rehabilitation to date, I feel the proper sanction in this case was that recommended by the Hearing Committee, ie. suspension of the practice of law for eighteen months with all but six months deferred, followed by a period of probation with conditions.